I hereby certify that this instrument is a true and correct copy of
the original on file in the office of the Clerk,
U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk



# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION                MDL No. 2804

### TRANSFER ORDER

**Before the Panel**:[*]  Plaintiffs in 32 actions move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions listed on Schedule A to MDL No. 2804.  Various defendants[1] oppose the motions.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country.  *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).

Despite some variances among the actions before us, they share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs.  *See id.*  The actions therefore fall within the MDL's ambit.

---

[*] Judges Ellen Segal Huvelle and Nathaniel M. Gorton did not participate in the decision of this matter.

[1] Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Bellco Drug Corp.; Cardinal Health, Inc., Cardinal Health 200 LLC, Cardinal Health 414 LLC, Cardinal Health 6 Inc., Cardinal Health Technologies LLC; H.D. Smith, LLC and Smith Medical Partners, LLC; McKesson Corp. (distributor defendants); Actavis LLC, Actavis Pharma, Inc.; Allergan PLC, Allergan Finance, LLC; Barr Laboratories, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc., Janssen Pharmaceuticals Inc.; Johnson & Johnson; Mallinckrodt Enterprises LLC, Mallinckrodt plc, Mallinckrodt LLC, Ortho-McNeil-Jansenn Pharmaceuticals, Inc.; Par Pharmaceuticals, Inc., Par Pharmaceutical Companies, Inc.; Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.; SpecGx LLC; Teva Pharmaceutical Industries Ltd.;. Teva Pharmaceuticals USA, Inc., and Watson Laboratories, Inc. (manufacturing defendants); Walgreens Boots Alliance, Inc., and Value Drug Co.

-2-

The plaintiffs opposing transfer in 31 actions argue principally that federal jurisdiction is lacking over their cases. But opposition to transfer based on a jurisdictional challenge is insufficient to warrant vacating conditional transfer orders covering otherwise factually related cases.[2] Several plaintiffs also argue that including their actions in this large MDL will cause them inconvenience and delay the progress of their actions. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Plaintiff in the Southern District of West Virginia *Tilley* action, an action for personal injuries brought by a minor who was born addicted to opiates, opposes transfer by arguing that his action is unique. But we have transferred to the MDL several similar actions that involve infants suffering from Neonatal Abstinence Syndrome (NAS), some of which were brought by counsel for plaintiff in *Tilley*. Moreover, we denied a motion to create a separate MDL for NAS infants in December 2018 in favor of transferring such cases to the MDL. *See In re Infants Born Opioid-Dependent Prod. Liab. Litig.*, 350 F. Supp. 3d 1377, 1378–79 (J.P.M.L. 2018) ("The identity of [NAS infant] plaintiffs and their unique damages – which plaintiffs and *amici* assert include the need for a medical monitoring trust that funds prolonged, multidisciplinary care – do indeed differentiate these cases from those brought by the cities, counties and states that comprise the bulk of MDL No. 2804. But these differences among claims and requested relief, in our opinion, do not justify the creation of a new MDL."). Plaintiff has not convinced us to change this approach.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor            Catherine D. Perry
Matthew F. Kennelly         David C. Norton

---

[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION                    MDL No. 2804

## SCHEDULE A

### Northern District of Illinois

HESTRUP v. H.D. SMITH, LLC, ET AL., C.A. No. 1:19−05905

### District of Maryland

HOWARD COUNTY, MARYLAND v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 1:19−02116

### District of Nevada

CLARK COUNTY v. PURDUE PHARMA, L.P., ET AL., C.A. No. 2:19−01616

### District of New Jersey

COUNTY OF OCEAN, NEW JERSEY v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 3:19−17138
CITY OF TRENTON, NEW JERSEY v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 3:19−17155

### Eastern District of New York

ALLEGANY COUNTY v. PURDUE PHARMA LP, ET AL., C.A. No. 2:19−04891

### Northern District of New York

CITY OF AMSTERDAM v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19−00896

### Southern District of New York

CITY OF POUGHKEEPSIE v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19−06800

### Eastern District of Oklahoma

ATOKA COUNTY BOARD OF COMMISSIONERS v. PURDUE PHARMA, LP,
  ET AL., C.A. No. 6:19−00279
HASKELL COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
  PHARMA, LP, ET AL., C.A. No. 6:19−00280
LATIMER COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
  PHARMA, LP, ET AL., C.A. No. 6:19−00282
CITY OF SEMINOLE v. PURDUE PHARMA, LP, ET AL., C.A. No. 6:19−00291
OKFUSKEE COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
  PHARMA, LP, ET AL., C.A. No. 6:19−00300

- A2 -

    <u>Western District of Oklahoma</u>

BOARD OF COUNTY COMMISSIONERS OF GRADY COUNTY v. PURDUE
    PHARMA LP, ET AL., C.A. No. 5:19−00703
BOARD OF COUNTY COMMISSIONERS OF CADDO COUNTY v. PURDUE
    PHARMA LP, ET AL., C.A. No. 5:19−00710
CITY OF SHAWNEE v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19−00711
BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY v. PURDUE
    PHARMA LP, ET AL., C.A. No. 5:19−00721
CIMARRON COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
    PHARMA LP, ET AL., C.A. No. 5:19−00776
CITY OF BETHANY v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19−00804
CITY OF ANADARKO v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19−00815
CITY OF FORT COBB v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19−00816

    <u>Eastern District of Pennsylvania</u>

MOSS v. ENDO PHARMACEUTICALS, INC., ET AL., C.A. No. 2:19−03611

    <u>Eastern District of Tennessee</u>

TAKOMA REGIONAL HOSPITAL, ET AL. v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 2:19−00157

    <u>Southern District of Texas</u>

COUNTY OF KLEBERG v. CVS HEALTH CORPORATION, C.A. No. 4:19−02815
COUNTY OF JIM HOGG v. CVS HEALTH CORPORATION, C.A. No. 4:19−02816
COUNTY OF WILLIAMSON v. WALGREENS BOOTS ALLIANCE, ET AL.,
    C.A. No. 4:19−03299

    <u>Western District of Virginia</u>

PATRICK COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 4:19−00032
SHENANDOAH COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 5:19−00056
THE CITY OF WAYNESBORO, VIRGINIA v. PURDUE PHARMA, L.P., ET AL., C.A. No.
    5:19−00058
CUMBERLAND COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 6:19−00054
CITY OF RADFORD, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 7:19−00525

- A3 -

<u>Southern District of West Virginia</u>

TILLEY, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:19‑00566